FILED
CLERK
12/11/2018 10:58 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE
For Online Publication Only

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LINDA KOSO,

                Plaintiff,

  -against-

GREGORY HAEGELE,

               Defendant.
----------------------------------------------------------------X

**ORDER**
18-CV-04400 (JMA)(AYS)

**AZRACK, United States District Judge:**

On August 2, 2018, *pro se* plaintiff Linda Koso ("plaintiff") commenced this action against Gregory Haegele ("defendant") alleging state law negligence and/or legal malpractice claims together with an application to proceed *in forma pauperis*. For the reasons that follow, the application to proceed *in forma pauperis* is granted. However, the Court *sua sponte* dismisses the complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

## I. BACKGROUND

All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

Plaintiff's complaint is submitted on the Court's general complaint form and is brief. Plaintiff provides a Patchogue, New York address for herself and a Coram, New York address for the defendant. (Compl. ¶ I. A.-B.) Plaintiff has left blank the entire section of the form complaint relating to the basis for this Court's jurisdiction. (Id. ¶ II.) In its entirety, plaintiff's "Statement of Claim" alleges:

> Retained Mr. Haegele to file suit for slip and fall injury (broken finger) he neglected to file paperwork before 3 yr. deadline, therefore statue [sic] of

limitations prevented me from hiring another attorney to pursue damages."

(Id. ¶ III.) For relief, plaintiff alleges: "I am seeking actual damages - deformed right pinky. Broken never healed properly and needs additional surgeries. Punitive damages for Mr. Haegeles negligence in filing lawsuit in a timely manner." (Id. ¶ IV.)

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B. Standard of Review

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

C. **Subject Matter Jurisdiction**

Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court *sua sponte*. Id. "If subject matter jurisdiction is lacking, the action must be dismissed." Id. at 700-01; see also Fed. R. Civ. P. 12(h)(3). The party asserting jurisdiction bears the burden of proof. DiTolla v. Doral Dental IPA of N.Y., 469 F.3d 271, 275 (2d Cir. 2006).

Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "A case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006) (internal quotation marks and citations omitted). A plaintiff properly invokes § 1331 jurisdiction when he or she pleads a colorable claim "arising under" the Constitution or laws of the United States. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). A claim alleging federal question jurisdiction "may be dismissed for want of subject-

3

matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Id*. at 513 n. 10.

Here, plaintiff does not identify any federal law pertaining to her claims and appears to be pursuing state law negligence and/or legal malpractice claims. Because such claims do not arise under a federal law, treaty, or the Constitution of the United States, federal question subject matter jurisdiction is not properly invoked. 28 U.S.C. § 1331. Even affording the *pro se* complaint a liberal construction, the Court cannot discern a colorable federal claim. Accordingly, plaintiff's complaint does not properly invoke subject matter jurisdiction pursuant to Section 1331. Rather, because plaintiff alleges only a state law claims against the defendant, the Court next considers whether Section 1332, which provides that federal court subject matter jurisdiction may be established where there is a diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, applies. 28 U.S.C. § 1332.

To establish diversity jurisdiction, there must be complete diversity of citizenship between the plaintiff and the defendants. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). This means that plaintiff cannot be a citizen of the same state as any of the defendants. St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant."). Here, plaintiff is an individual who is alleged to reside in Patchogue, New York, and is thus a citizen of New York for diversity purposes. 28 U.S.C. § 1332(a)(1). Plaintiff alleges that defendant resides in Coram, New York. Because the parties are all domiciled in New York, diversity of citizenship is not satisfied.[1] Moreover, to properly invoke diversity subject matter jurisdiction under Section 1332, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Here,

---

[1] Although the complaint does not actually use the term "domicile", the *pro se* plaintiff included New York addresses for all parties to this action and the Court therefore concludes that diversity of citizenship is lacking.

4

plaintiff does not include any sum as the amount in controversy and therefore has not established that the $75,000 minimum is met. (*See* Compl. ¶ V.) Although courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9 (1980), *pro se* litigants must establish subject matter jurisdiction. See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). Given that this Court lacks subject matter jurisdiction under either Section 1331 or Section 1332, the complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3).

C. **Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to amend her complaint. Because there is a lack of subject matter jurisdiction, which could not be cured if afforded an opportunity to amend her complaint, leave to amend the complaint is denied. Plaintiff may, however, pursue any valid claims she may have against the defendant under state law in state court.

III. **CONCLUSION**

For the forgoing reasons, the complaint is *sua sponte* dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in

5

good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to the *pro se* plaintiff at her last known address and to mark this case closed.

**SO ORDERED.**　　　　　　　　　　　　　　　　　　/s/ (JMA)
　　　　　　　　　　　　　　　　　　　　　　　　Joan M. Azrack
Dated:　December 11, 2018　　　　　　　　　United States District Judge
　　　　Central Islip, New York